**Lloyd Gerald TAYLOR, Plaintiff,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Defendant.**

No. 89–1420–C(6).

United States District Court, E.D. Missouri, E.D.

Jan. 4, 1990.

Richard Scherrer, Armstrong, Teasdale, Schafly, Davis & Dicus, St. Louis, Mo., for plaintiff.

Thomas Prebil, Law Offices of William A. Brasher, St. Louis, Mo., for defendant.

## MEMORANDUM

GUNN, District Judge.

This case is currently before the Court on defendant's motion to dismiss or alternatively to stay proceedings and alternatively to transfer to the United States District Court, Eastern District, Northern Division. For the reasons set forth below, the Court grants defendant's motion to dismiss.

On May 28, 1986 Taylor sustained personal injuries when a Burlington Northern train struck his car at a railroad crossing in Pike County, Missouri. On February 1, 1989 Taylor filed suit against Burlington Northern in St. Louis County Circuit Court seeking damages for personal injuries in an action styled *Lloyd Gerald Taylor v. Burlington Northern Railroad Company*, No. 589177. On May 10, 1989 defendant filed its answer in the state action.

On July 28, 1989 Taylor filed a lawsuit in this Court containing allegations virtually identical to those of the state suit. Both suits are based upon the same occurrence; both assert liability based upon negligence; both will be determined on the basis of Missouri law.

Defendant would have this Court abstain from exercising jurisdiction in this case based on *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In *Colorado River* the Supreme Court identified several factors the courts must consider in deciding whether to dismiss an action based upon a concurrent state court action. Essentially, defendant argues that consideration of these factors weighs in favor of dismissal or stay; plaintiff disagrees. The Court finds defendant's argument persuasive.

The Supreme Court held in *Colorado River* "that in 'exceptional' circumstances, a federal district court may stay or dismiss an action solely because of the pendency of similar litigation in state court." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 273, 108 S.Ct. 1133, 1135, 99 L.Ed.2d 296 (1988). The Court further instructed that, even where the facts of a case do not fall within any of the three traditional abstention scenarios, considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may counsel in favor of dismissal. *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. Finally, the Court outlined several factors the courts may consider in making their determination of whether the "exceptional" circumstances contemplated in *Colorado River* exist. These factors include the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246. In making its decision, a court must take into account "both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise." *Id.*

The Court finds that in this case the exceptional circumstances contemplated in *Colorado River* exist. Although the federal forum is arguably as convenient as is the state forum in this case, the other factors weigh heavily in favor of dismissal. To permit identical cases to proceed simulta-

neously in state court and federal court seems the height of inefficiency for the courts, the parties, the witnesses and the juries. Particularly persuasive is the fact that in this case, the plaintiff brought both actions. The Court concludes that the "unflagging obligation" to exercise its jurisdiction does not require permitting duplicative lawsuits.

Accordingly, the Court grants defendant's motion to dismiss in the Order filed herewith this date.